## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **KENNY WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 2:23-cv-02249** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PLASTIPAK** | ) | |
| **PACKAGING,** | ) | **Jury Trial Demanded** |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

**NOW COMES** Plaintiff, Kenny Wilson ("Plaintiff"), by and through the undersigned

counsel, hereby files this Complaint against PlastiPak Packaging, Inc. ("Defendant"), and in

support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.   This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C.

§1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title

VII"), redress for Defendants race-based discrimination, race-based harassment, and retaliation

under Title VII.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.    Venue of this action properly lies in the Central District of Illinois, Urbana

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.     All conditions precedent to jurisdiction under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") have been fulfilled or been complied with.

5.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.     This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.     At all times material to the allegations of this Complaint, Plaintiff, Kenny Wilson, resided in Champaign County, Illinois.

9.     At all times material to the allegations in this Complaint, Defendant, PlastiPak Packaging, Inc. was a corporation doing business in and for Champaign County, Illinois, whose address is 3310 West Springfield Avenue, Champaign, Illinois 61822.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12.     Plaintiff worked for Defendant as a Lead Forklift Driver from March 9, 2021, until

his unlawful constructive discharge on or around February 12, 2023 on the basis of Plaintiff's race (African-American).

13.     Plaintiff met or exceeded Defendant's performance expectations during the entire duration of his employment.

14.     Plaintiff is African American and is a member of a protected class because of his race.

15.     Since at the beginning of Plaintiff's employment, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of race, violating §1981, Title VII.

16.      Plaintiff was the only African-American lead on his shift.

17.     Plaintiff was treated less favorably than similarly situated employees outside of his  protected class.

18.     Plaintiff's coworkers Luis Rome, Tara (Last Name Unknown), Lucas Polluck, and Eric Emin harassment Plaintiff relentlessly on the basis of his race.

19.     Plaintiff's aforementioned coworkers would tamper with Plaintiff's equipment and cause hazardous safety concerns with Plaintiff's job duties.

20.     Plaintiff felt that he was being targeted for his race and reported this inappropriate conduct to Supervisors Kevin Vite and Mark Trott.

21.     Unfortunately Plaintiff's complaints were ignored causing him to be subjected to further harassment.

22.     In 2022, Plaintiff's coworkers Luis Rome, Tara (Last Name Unknown), and Eric Emin were consistently calling Plaintiff "n*gger," "n*gger" in different languages, "slave," and

"slave n*gger."

23.    Luis Rome, Tara (Last Name Unknown), and Eric Emin would also tell Plaintiff to "go back to your slave corners."

24.    In 2022, Eric Emin would also come into work wearing a confederate flag belt that said "redneck" all around it and Eric Emin would shout out racial slurs such as "n*gger" at Plaintiff.

25.    Plaintiff was extremely distraught due to the constant racial discrimination and harassment he was experiencing so in December of 2022 and January of 2023 he reported the incidents to Defendant's Human Resources Representative, Julia Kochs, and Supervisor, Mark Trott.

26.    Plaintiff was promised that his complaints would remain confidential.

27.    However, the same night Plaintiff was promised confidentiality, he began receiving text messages from Plaintiff's coworkers regarding his complaints.

28.    Julia Kochs disclosed Plaintiff's complaints to the coworkers who were harassing Plaintiff which subsequently led to further discrimination and harassment of Plaintiff by his coworkers.

29.    Due to the severe and pervasive conduct by Plaintiff's coworkers that Plaintiff was continuously subjected to after complaining to Defendant multiple times, Plaintiff had no other choice but to be constructively discharged on February 12, 2023.

30.    Plaintiff was constructively discharged because of his race, (African-American) on February 12, 2023.

31.    Plaintiff was retaliated against and his employment was ultimately discharged for opposing unlawful discrimination and for exercising his protected rights.

32.     Plaintiff reported the race-based harassment to Defendant.

33.     Plaintiff was targeted for termination because of his race.

34.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

35.     There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

36.     Plaintiff can show that he engaged in statutorily protected activity—a necessary component of his retaliation claim—because Plaintiff lodged complaints directly to his manager about the harassment.

### COUNT I
### Violation of 42 U.S.C. §1981
### (Race-Based Discrimination)

37.     Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

38.     Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

39.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

40.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

41.     Defendant's unlawful conduct resulted in considerable harm and adverse

employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

42.     As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

43.     Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

44.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

45.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

46.     Plaintiff met or exceeded performance expectations.

47.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

48.     Defendant constructively discharged Plaintiff's employment on the basis of Plaintiff's race.

49.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

50.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

<u>**COUNT III**</u>
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Harassment)**

51.     Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

52.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

53.     Defendant knew or should have known of the harassment.

54.     The race-based harassment was severe or pervasive.

55.     The race-based harassment was offensive subjectively and objectively.

56.     The race-based harassment was unwelcomed.

57.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. due to Plaintiff's race, African-American.

58.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

59.     As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

<u>**COUNT IV**</u>
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

60.     Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

61.     Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq*.

62.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination and/or race-based harassment.

63.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

64.    In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race discrimination or harassment.

65.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

66.    Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

67.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

68.    Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

69.    As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.    Back pay with interest;

b.    Payment of interest on all back pay recoverable;

c.    Compensatory and punitive damages;

d.    Reasonable attorneys' fees and costs;

e.    Award pre-judgment interest if applicable; and

f.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 8th day of November, 2023.

_/s/ Alexander J. Taylor_
**ALEXANDER J. TAYLOR, ESQ.**
*Counsel for Plaintiff*
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com